NEW YORK,<br>May, 1826.<br><br>Bank of Utica<br>v.<br>Hillard.

There is no ground for setting aside the default and subsequent proceedings. Though the rules may not have been aptly or fully drawn; yet, looking to the nature and purpose of the action, and the times at which they were entered, their meaning cannot be mistaken. Inserting the word judgment in the rule for the default, will not vitiate it, or alter the legal effect. The word may be rejected as surplusage.

Upon the same principle the words, "against the casual ejector" may be supplied in the final rule, which orders judgment generally without saying against whom.

But the plaintiff has taken possession beyond his right.

The execution of the writ of possession was unqualified; though, as appears fully from the papers, the right to three-sixths of the premises in question was extinguished. Let the defendant be restored to so much. No costs are allowed on either side.

<i>Rule accordingly.</i>

---

The President, Directors and Company of the Bank of Utica, *against* Hillard.

The cashier of the Plaintiffs had been required by a *subpœna duces tecum*, sued out by the defendant, to produce on the trial of this cause, certain books, &c. of the plaintiffs. Not having done so,

*J. A. Spencer* now moved for an attachment against him; and cited 5 Cowen, 153; 1 Camp. 562; 1 Taunt. 167; 1 Anstr. 259; 2 id. 547.

<i>In an action where a bank is a party, the opposite party cannot compel the cashier to produce the books or papers, by a sub-pœna duces tecum.</i>

*Curia.* The motion must be denied. The course for proving the books or papers of a bank, where it is the adverse party, is to give notice to produce them; and on its

NEW YORK,
May, 1826.

non-compliance, to show the contents by inferior evidence as in other cases. The effect of this motion would be to compel a party to produce evidence against himself. True the books are ordinarily in the possession of the cashier : How ? He holds them as the officer, the agent or servant of the bank; in the same manner as an attorney holds the papers of his client. The cases in which the production of papers may be coerced by subpœna, are, where they are the property of a competent witness ; or, at least, where they do not belong exclusively to the adverse party. When he can say " these are my papers," we will not compel one who happens to have the temporary possession of them, in the right of the party to produce them on subpœna. The question is not now what order this court, or a judge of this court, might make upon the bank, touching the production of these papers, within the cases cited from *Campbell*, *Taunton* and *Anstruther*. It relates to the effect of a *subpœna duces tecum ;* and it is clear that by this a party cannot have his papers taken from his custody. (1 Phil. Ev. Am. ed. 1820 ; and the cases there cited at p. 11, 12, 335-6.)

Motion denied.